STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. RICH-ARD SAHAZIAN, SAMUEL ZAVIAN AND LEO ZAVIAN, PLAINTIFFS IN ERROR.

Submitted December 7, 1922—Decided February 20, 1923.

1. Upon the trial of an indictment a charge to the jury stating: "The law requires that the state, before it can claim a conviction in this case, as in all criminal cases, shall produce before you such evidence as convinces you beyond a reasonable doubt that these men are guilty as charged. If the testimony that has been presented to you satisfies you to that degree that you can say you have no doubt or a reasonable doubt of their guilt, it is then, of course, your duty to find them guilty as charged," is erroneous, in that it required the jury to convict the defendants if they had a reasonable doubt of their guilt.

2. If a charge in one part states the law correctly and in another part incorrectly, the error of the incorrect part is not cured by the part stating the law correctly, as a jury is not required to determine what part of a contradictory charge is correct.

3. The trial court, on the subject of presumption of innocence, charged the jury as follows: "These defendants are not obliged to prove their innocence. They are presumed by law to be innocent, and it is the duty of the state to prove them guilty, and when the state produces such evidence as convinces you of their guilt, then the presumption of innocence drops away from them, and they stand before you as guilty upon the proof." *Held*, erroneous as depriving the defendants of the benefit of the reasonable *doubt*.

4. Proper instruction to a jury on the defence of *alibi* defined.

On writ of error to the Hudson County Court of Quarter Sessions.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiffs in error, *Benjamin Heyman* and *Harlan Besson*.

For the defendant in error, *Pierre P. Garven* and *George T. Vickers*.

The opinion of the court was delivered by

KATZENBACH, J. This case is before us on a writ of error to the Hudson County Court of Quarter Sessions. It brings up the conviction of Richard Sahazian, Samuel Zavian and Leo Zavian. They were indicted with one Van Berberian for the unlawful taking of two bales of silk of the value of $3,000, the property of Mark Turpan. The indictment also contained a count for the unlawful receiving of stolen goods.

Van Berberian pleaded *non vult* to the indictment and was the principal witness for the state. The defence was an *alibi*. The case is here on a strict bill of exceptions and specifications of causes for reversal, the entire record being certified. The principal questions involved arise from the charge of the court to which a general exception was taken. In the specification of causes of reversal, there are various portions of the charge which are alleged to be erroneous.

The first point argued for the plaintiff in error is with reference to that portion of the court's charge which dealt with the subject of reasonable doubt. The court said: "The law requires that the state, before it can claim a conviction in this case, as in all criminal cases, shall produce before you such evidence as convinces you beyond a reasonable doubt that these men are guilty as charged. If the testimony that has been presented to you satisfies you to that degree that you can say you have no doubt or a reasonable doubt of their guilt, it is then, of course, your duty to find them guilty as charged."

The first sentence is a correct statement but the second sentence is erroneous in that it required the jury to convict the defendants if they had a reasonable doubt of their guilt. This sentence deprived the defendants of the right to which they were entitled. This case is similar to the case of *State* v. *Sandt,* 95 *N. J. L.* 49. In that case the judge charged, "If these men are convicted they must be convicted on testimony which leaves in your minds no reasonable doubt of their guilt. If, after a consideration of all the testimony, you are satisfied that the men are not guilty beyond a reasonable doubt, you ought to acquit them."

This court held that this was error because it put on the defendants the burden of showing that they were innocent beyond a reasonable doubt, when, by law, they are to be assumed innocent until the state overcomes that presumption and establishes the guilt of the defendants beyond a reasonable doubt. The state contends in the present case that taking the whole paragraph the jury could not have gotten any other meaning than that the court was in fact saying that the jury must have neither a reasonable doubt nor any doubt if it would convict these defendants. In the case of *State* v. *Sandt, supra,* this court pointed out that while other parts of the charge on the subject of reasonable doubt were correct, that this did not cure the error, for the jury is not required to determine what part of a contradictory charge is correct. This part of the charge is, in our opinion, unsound in law and was prejudicial to the defendants.

The thirteenth assignment of error and thirteenth specification of causes for reversal takes exception to the following portion of the court's charge: "These defendants are not obliged to prove their innocence. They are presumed by law to be innocent, and it is the duty of the state to prove them guilty, and when the state produces such evidence as convinces you of their guilt, then the presumption of innocence drops away from them, and they stand before you as guilty upon the proof."

We think the objection to this portion of the court's charge is well taken. It does not give the defendants the benefit of the reasonable doubt. It is also open to the further objection that the presumption of innocence, which continues in a case until the evidence satisfies the jury beyond a reasonable doubt of the guilt of the defendants, may be taken away from the defendants by evidence of their guilt which would not satisfy the jury beyond a reasonable doubt. This portion of the charge, in our opinion, constitutes reversible error.

The propriety of that portion of the charge of the trial court dealing with the law on the question of *alibi* is also questioned by proper specifications of causes for reversal. The court, on this subject, spoke as follows: "On the question of *alibi,*

I will state to you what I conceive to be the law on that subject. The true doctrine seems to be that where the state has established a *prima facie* case and the defence has relied upon its defence as an *alibi,* the burden is upon it to show it by the production of proof not beyond a reasonable doubt, nor by preponderance of evidence, but by evidence of such character and of such a degree of certainty as will, when taken together with the other testimony in the case, leave in the minds of the jury still a question of doubt and uncertainty as to whether the defendants were at the place where the crime was alleged to have been committed at the time of its commission. If that is the effect of the testimony produced on the part of the *alibi,* it is said to be established and the defendant is entitled to a verdict of not guilty."

The proper instruction to be given by a trial judge on the question of *alibi* has been stated in this court recently by Mr. Justice Parker in the case of *State* v. *Parks,* 96 *N. J. L.* 360, in these words: "The law is entirely settled in this state that where the presence of the defendant at the place of the alleged crime is an essential link in the chain of proof, such presence, like any other essential fact, must be established beyond a reasonable doubt. *Sherlock* v. *State,* 60 *N. J. L.* 31. In that case it was said that upon the interposition of an *alibi* any one of three conclusions might be reached by the jury: (*a*) that defendant was present notwithstanding such evidence; (*b*) that he was absent in which case he is said to have 'proved his *alibi;*' or (*c*) that the testimony may create such a degree of uncertainty as to his whereabouts that the jury are not satisfied beyond a reasonable doubt of his guilt of the crime in question; and that by putting the burden on him to prove his absence by preponderance of evidence, he is deprived of the benefit of that reasonable doubt."

In that portion of the charge made in the present case on this subject and above quoted, it will be observed that the court uses words of uncertain meaning, when it refers to "evidence of such character and of such a degree of certainty

as will, when taken together with the other testimony in the case, leave in the minds of the jury still a question of doubt and uncertainty as to whether the defendants were at the place where the crime was alleged to have been committed." The words "reasonable doubt" have a well settled legal meaning. The words "doubt" and "uncertainty," used by the trial judge, have no well settled legal meaning. The jury were led into the realms of speculations and uncertainty by the court's charge. It deprived the defendants of the benefit of the reasonable doubt to which they were entitled in that element of the case which it was necessary for the state to prove beyond a reasonable doubt, namely, the presence of the defendants at the place of the alleged crime. Hence, this portion of the charge was highly prejudicial to the defendants. There are other assignments of error and specifications of causes for reversal which, in view of the errors we think exist in the charge of the court, we will not consider. The judgment is reversed.